D. DUNWOODY, Appellant, v. E. E. WOOD et al., Appellees.

**SPECIFIC PERFORMANCE:** Evidence—Sufficiency. Evidence held
insufficient to justify a decree of specific performance against a
purchaser at foreclosure sale.

*Appeal from Poweshiek District Court.*—CHAS. A. DEWEY,
Judge.

MAY 11, 1921.

ACTION in equity by a mortgagor of real estate who had,
previous to the institution of proceedings to foreclose the mort-
gage executed by him, parted with title, to compel the purchaser
at the execution sale on foreclosure to carry out an oral agree-
ment made by him, at the time of such sale, to transfer his inter-
est in the property to plaintiff, upon the payment of certain
designated sums. There was also a prayer for alternative relief,
which was granted in part. All other relief prayed for was de-
nied, and plaintiff appeals.—*Affirmed.*

*Thomas J. Bray* and *John E. Lake,* for appellant.

*J. G. Shifflett* and *Rayburn & Lyman,* for appellees.

ARTHUR, J.—Some time prior to the events mentioned be-
low, the defendants sold and conveyed Lot 1, of Section 6, Town-
ship 78, Range 15, Poweshiek County, Iowa, to D. Dunwoody,
plaintiff and appellant herein, subject to a mortgage for $2,200.
At the time of the purchase of said Lot 1, plaintiff executed a
second mortgage to the defendant for $6,000, which, we assume,
was for a part of the purchase price. Later, the defendant trans-
ferred the $6,000 note and mortgage by indorsement and as-
signment to a third party, who, on July 25, 1917, obtained
a personal judgment against the plaintiff, as maker, and the
defendant E. E. Wood, as indorser on said $6,000 note, to-
gether with a decree of foreclosure and for special execution.

In the meantime, plaintiff had parted with title to the land. On November 24, 1918, action was commenced by the holder thereof to foreclose the $2,200 mortgage. The plaintiff was made a party defendant in this action, but no personal judgment was asked against him. The property was sold on special execution, under the decree foreclosing the second mortgage, on August 31, 1917, to the defendant for $4,500, leaving a deficiency judgment against both plaintiff and defendant for $1,705.95. As between plaintiff and defendant, the former was primarily liable for the payment of the deficiency judgment. It is the claim of plaintiff that an oral agreement was entered into, at the time of the execution sale, between himself and the defendant, by the terms of which the latter agreed to assign or transfer his interest in the sheriff's certificate of purchase, or to convey the land to the plaintiff upon the payment by him of the $4,500, the deficiency judgment, taxes, interest, and all expenses incurred by the defendant in connection therewith. There is some dispute in the testimony as to the terms of this agreement, but we are inclined to accept the version of the defendant upon all controverted points.

Plaintiff further maintains that the defendant, as a part of said agreement, promised to furnish him an abstract, showing a good, merchantable title to the property, so that he might borrow the amount necessary to make the required payments to the defendant, and that the delay in closing up the deal was caused by the failure of the defendant to furnish the abstract. This the defendant denies. As stated, the defendant had no interest in the property, and evidently purchased the same at the foreclosure sale for the purpose of protecting himself against the personal judgment rendered against him. There would seem to be no particular reason why the defendant should promise to procure an abstract, the cost of which, under the agreement, would be chargeable to the plaintiff. We think it probable, if anything was said by either party about an abstract, that defendant agreed to get abstract from the holder of the first mortgage. The defendant testified that he told plaintiff, during the pendency of the negotiations between them, months after the foreclosure sale, that the abstract was in the possession of one Reed, at Brooklyn, and that plaintiff said he would go and get

it.  Shortly after the action to foreclose the $2,200 mortgage was begun, the defendant, in an interview with plaintiff, told him that the first mortgage would have to be taken care of; and in January, 1919, plaintiff, with the knowledge and acquiescence of the defendant, paid this mortgage, amounting, with costs, to $2,837.05.  Plaintiff had, in the meantime, also paid $1,000 on the deficiency judgment.

In this petition, plaintiff asked a decree to compel the conveyance of the tract in controversy to him, and, as alternative relief, that he have judgment for the amount advanced in payment of the first mortgage, and for other sums as damages.  The court below held that to grant plaintiff's prayer, which is in the nature of a prayer for specific performance, would be inequitable, upon the ground that plaintiff had not, within the year allowed for redemption, according to the agreement, or within a reasonable time thereafter, tendered performance of the contract upon his part to the defendant; but found that plaintiff was entitled to recover the amount advanced by him in payment of the first mortgage, together with interest thereon, after first deducting the balance unpaid on the deficiency judgment; and rendered judgment in his favor for the difference,—that is, for $2,108.20.

Plaintiff wholly failed to make the payments required, except the $1,000 upon the deficiency judgment, but contends that the defendant extended the time for performance, and that the only reason for plaintiff's failure to comply with the contract was the neglect or refusal of defendant, as before stated, to furnish him an abstract of title to the land, so that he could get a loan thereon.  On January 18, 1919, defendant's attorney wrote plaintiff that, unless the transaction was consummated within five days, defendant would refuse to carry out the deal.  Plaintiff did not reply to this letter or take any steps to meet the conditions imposed.  Without entering into a detailed statement of the record, we deem it sufficient to say that the evidence clearly shows that plaintiff was at no time able to consummate the contract by the payment of the several sums agreed upon; and that his delay cannot be attributed to the failure of the defendant to furnish an abstract, or to any fault on his part.  We have grave doubt whether plaintiff was in a position to carry

out a decree in his favor, if one had been entered by the court. His testimony upon this point is not very convincing.

On April 23, 1919, the defendant procured a loan upon the land for $6,000. According to his testimony, he previously advised plaintiff of his intention to obtain this loan. The situation of the parties was thereby changed. From what has already been said, it is manifest that the defendant was lenient, and acquiesced, without specific agreement allowing same, in plaintiff's request for further time in which to make the required payments; but the original agreement was clearly limited to the year allowed for redemption, and plaintiff failed to tender performance at any time, or to produce the amount required for carrying out the contract. We concur in the finding of the court below that he was not, at the time of the trial, entitled to a decree of specific performance. The relief granted by the court was equitable, and gave plaintiff all he was entitled to, under the issues and facts disclosed. We therefore find no reason for disturbing the decree, which is, accordingly,—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.